UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA SANCHEZ, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>CURIO EMPLOYER LLC,<br><br>         Defendant. | Case No.: 25-cv-1790-AGS-DEB<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND CLASS CERTIFICATION MOTION FILING DEADLINE** |

   Pursuant to Local Rule 16.1.d., a Case Management Conference was held on **October 2, 2025**. After consulting with counsel IT IS HEREBY ORDERED:

   1.  Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed on or before **December 1, 2025**.

   2.  A telephonic Status Conference to discuss the status of the case and discovery will be held before Magistrate Judge Daniel E. Butcher on **January 9, 2026** at **10:00 a.m.**. The Court will send counsel of record audio-only Zoom connection instructions prior to the Status Conference.

   3.  Merit and class discovery are not bifurcated; however, all discovery for Plaintiff's motion for class certification must be completed on or before **January 9, 2026**. "Completed" means discovery must be initiated with sufficient period so that it will be completed by the cut-off date, taking into account the times for service, notice, and

response as set forth in the Federal Rules of Civil Procedure. The Court's procedures for resolving discovery disputes are set forth in Judge Butcher's Chambers Rules, which are posted on the Court's website.

4. A motion for class certification must be filed no later than **February 6, 2026**.

5. Counsel must contact Judge Butcher's chambers at 619-446-3704 regarding setting all remaining case management dates within three (3) days of the Court's ruling on the motion for class certification.

6. A Mandatory Settlement Conference shall be conducted on **November 24, 2025** at **10:00 a.m.** before **Magistrate Judge Daniel E. Butcher**. The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel attending the MSC are expected to have a command of the facts and applicable law. Counsel and the parties must be prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions. *All discussions during the MSC are informal, off the record, privileged and confidential.* Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[1] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[2] In the case of a corporate entity, an

---

[1] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[2] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the

authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

      Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the MSC (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.  The   Court will use its Zoom[3] video conferencing account to hold the MSC.[4] Prior to the start of the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference.  *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

---

[3] If you are unfamiliar with Zoom: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC. There is a cost-free option for creating a Zoom account. For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[4] Counsel may request the MSC be converted to an in-person appearance informally through a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

MSC, the Court will email counsel an invitation with the Zoom meeting hyperlink and password to participate in the MSC.[5]

Each participant should plan to join the Zoom video conference *at least five minutes before* the start of the MSC to ensure that the conference begins on time. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to confidentially and individually communicate with participants. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

Counsel are responsible for ensuring their clients are able to participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (e.g., not be driving while speaking to the Court, or otherwise distracted). Participants are encouraged to use laptops or desktop computers for the video conference, if possible, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

No later than **November 17, 2025**, counsel for each party must send an e-mail to the Court at efile_butcher@casd.uscourts.gov containing the following:

    a.    The ***name and title(s)/position(s) of each participant***, including counsel, all parties and party representatives, and claims adjusters;

---

[5] Participants who do not have Zoom already installed on their device when they click on the Zoom meeting hyperlink will be prompted to download and install Zoom before proceeding.

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

    b.    An *e-mail address for each attorney participant* to receive the Zoom video conference invitation;

    c.    A *telephone number where each attorney participant* may be reached so that, if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; and

    d.    A *Confidential MSC Conference Statement*.[7] All confidential MSC Statements must include:

        i.    the party's position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery, and legal analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at issue. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limits;

        ii.    **for plaintiff(s)**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendant(s)**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the MSC, state the reasons why and explain what additional information is required to make a settlement demand or offer.);

        iii.    a brief description of any previous settlement negotiations or mediations; and

        iv.    the names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

---

[7] The Court does not require MSC Statements to be served on other parties; however, the parties may elect to share statements at their discretion. ***These statements are not to be filed on the CM/ECF system.***

7. The dates and times set forth herein will not be modified except for good cause shown.

8. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

9. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter

**IT IS SO ORDERED.**

Dated:  **October 2, 2025**

_____
Daniel E. Butcher
United States Magistrate Judge